UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO MONSERRATE, ARTURO JUAREZ,
and MARIA JAUREZ

Case No. 10-CV-3732 (SLT)(SMG)

Plaintiffs,

**AFFIRMATION IN SUPPORT**

-against-

K.K. MACHINE CO., INC. KAREL HAJEK a/k/a
CHARLES HAJEK

Defendants.
-----------------------------------------------------------------X

**WILLIAM CAFARO**, an attorney duly admitted to practice law in the State of New York and in the United States District Court, Eastern District of New York hereby affirms under the penalty of perjury:

1. I am the principal of The Law Offices of William Cafaro, the attorneys of record for the Plaintiffs in the above captioned matter, and as such, I am fully familiar with the file. I have personal knowledge of the facts and circumstances alleged herein.

2. I submit this affirmation in support of the plaintiffs' reply to the defendants' memorandum of law in opposition to plaintiffs' motion *in limine*.

3. Monserrate's deposition was held on June 14, 2011. Additionally, plaintiff Arturo Juarez's deposition was held on June 16, 2011.

4. On the morning of July 13, 2011, I spoke to Monserrate on the phone. He advised me that he was having serious financial problems, and that he owed thousands for back rent, and that he did didn't think he was going to be able to stay in this country until the trial unless he could find some solution to his financial problems. He asked me about finding a loan for him against the case. I told him that I had frequently done this before in personal injury cases, and that although I did not know of any funding company that would lend against a FLSA case, that I would look into it for him. Because I was not optimistic about this, I thought it best to try to get a video-taped deposition done quickly. I called David Stein and told him that Monserrate was going back to his country, and I asked him if he would consent to a videotaped deposition of his testimony. I told him that I would like to get it done within the next ten days or so.

5. By e-mail of Friday, July 15, 2011, David Stein refused to consent to the preservation of his testimony on videotape. See annexed email. I immediately began drafting a letter motion, but since this depended upon facts known only to Monserrate, and because this motion could potentially have been outcome dispositive, I wanted an Affidavit of Merit signed by him, which I prepared.

6. The following Monday morning, July 18, 2011, Monserrate came in to my office as scheduled to sign the affidavit of merit, but told me that he had been kicked out his house and that his situation was desperate. It had now become impossible for him to stay, and in fact, that he had already made arrangements to leave within the next few days. I told him that it would not be possible to compel the defendants to participate in the video deposition within that time, so that there was no point in making the motion.

Dated: New York, New York
January 12, 2012

__________/s/____________________
William Cafaro (WC2730)
LAW OFFICES OF WILLIAM CAFARO
*Attorney for the Plaintiffs*
19 West 44th Street, Suite 1500
New York, NY 10036
(212) 583-7400