**LOUIS Q. MARETT**
ATTORNEY AT LAW
3 PARK AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016

(212) 684-1010
FAX NO. (212) 689-3315
LOUMARLAW@AOL.COM

March 28, 2013

Tucker L. Melancon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

      Re: Monserrate v. K.K. Machine CO., Inc. et al
         Case No. 1:10-cv-03732-SLT-SMG

Dear Justice Melancon:

  Pursuant to Document No.:43 in this case, the defendant has been ordered to file a memorandum of not more than three pages on the plaintiff, Mario Monserrate testifying via video link on or before March 28, 2013. The purpose of this communication is to satisfy that requirement by the Court.

  It is initially observed that plaintiff's request in this matter is no longer to read into the record the deposition of Mario Monserrate but rather to have the plaintiff Mario Monserrate testify via video link before this Court.

  It is respectfully pointed out to this Court that the plaintiffs in this case allege certain activities by defendants which they believe entitles them to recover due to alleged failure by the defendant to pay them time and a half for alleged overtime worked. Accordingly, the credibility of the plaintiffs in this matter is paramount. Especially since the plaintiffs have absolutely no documentation whatsoever to support their claims in spite of the fact that allegedly every week paper documents were exchanged and cash was allegedly exchanged. Accordingly, the ability to cross examine the plaintiff in person is vital to the defense of this matter.

  This court must review initially exactly why it must rule with regard to this issue. Monserrate's position is that he cannot come to this court to testify because 1) he is involved in some litigation in Ecuador with regard to his wife and a house on which he places a higher priority. 2) He has to eat natural food for his health and 3) he is undocumented in this Country.

The first reason for plaintiff absenting himself certainly does not justify his failure to appear and testify in his own case. The second requirement to eat natural food seems to stem out of a condition which at his deposition Monserrate referred to as gastritis. He mentioned at his deposition that he is taking Nexium for this condition. This does not sound like a dire medical condition which would require the plaintiff to abstain himself from a trial. Finally, the argument that he is undocumented in this Country in spite of the fact that he worked for defendant from 2001 until March 7 2010 would seem to justify the argument that the plaintiff has procured his own absence in this matter and should not benefit from his own affirmative actions.

While testimony via video link is certainly more desirable than reading into evidence of the plaintiff's deposition, it is respectfully submitted to this Court that due to the nature of this case in which the credibility of the plaintiff is paramount to the making out of their case and where the plaintiff has procured his own absence and does not give a valid reason for leaving the Country nor for coming back into the Country, it is respectfully submitted that this Court should require the plaintiff to testify in person at the time of the trial finding that a legal matter in Ecuador, the need to eat natural foods and the fact that plaintiff never bothered to make his presence in this country legal during the ten years that he lived here and worked for the defendant should not inure to the convenience of the plaintiff by allowing a video hookup during which there will be a necessity for a Spanish interpreter and during which the exact physical circumstances and expressions of the plaintiff will not be readily ascertained as would be in person.

Respectfully submitted,

Louis Q. Marett

LQM:bv