UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Mario Monserrate, et al,

                              Plaintiffs,    **ORDER**
       -against-                            Case No. 10-3732 (TLM)

K.K. Machine Co. Inc, et al,

                              Defendants,
------------------------------------------------------------------ X

      Before the Court is defendants' March 28, 2013 Letter Motion [Rec. Doc. 47] requesting that plaintiff Mario Monserrate be prohibited from testifying via videolink and plaintiffs' April 1, 2013 Letter in Opposition thereto [Rec. Doc. 50]. Defendants argue that Monserrate has no legitimate reason justifying his unavailability and that because credibility determinations are central to the resolution of this case, he should be required to be present in person to testify. Plaintiffs argue that Monserrate's inability to lawfully enter the United States constitutes good cause in compelling circumstances to justify videolink testimony pursuant to Federal Rule of Civil Procedure 43.

      Federal Rule of Civil Procedure 43 requires that witness testimony be taken in open court, but permits an exception for "testimony in open court by contemporaneous transmission from a different location" when justified by "good cause in compelling circumstances" and accompanied by "appropriate safeguards." Fed. R. Civ. P. 43. Monserrate lived in the United States for at least nine years without a lawful immigration status.  Monserrate July 20, 2011 Aff. ¶ 3, 6. [Rec. Doc. 50, Ex. 1].  In July 2011, he

returned to Ecuador. Monserrate December 2, 2011 Aff. ¶ 2. [Rec. Doc. 50, Ex. 2]. The Immigration and Nationality Act prohibits people who were unlawfully present in the United States for one year or more to re-enter lawfully within ten years of the date of their departure from the United States. 8 U.S.C. § 1182(a)(9)(B)(i)(II) (2010). Several courts have found international travel and difficulty obtaining visas to constitute good cause. *See, e.g.*, *Virtual Architecture, Ltd. v. Rick*, 08 CIV. 5866 SHS, 2012 WL 388507 (S.D.N.Y. Feb. 7, 2012); *In re Rand Int'l Leisure Products, LLC*, 10-71497-AST, 2010 WL 2507634 (Bankr. E.D.N.Y. June 16, 2010); *Matovski v. Matovski*, 06 CIV. 4259 (PKC), 2007 WL 1575253 (S.D.N.Y. May 31, 2007). Monserrate faces more than mere difficulty obtaining a visa; he is statutorily prohibited from doing so. Plaintiffs have shown that it is more than merely inconvenient for Monserrate to testify in open court. Fed. R. Civ. P. 43(a) Advisory Committee's Note. Monserrate's inability to lawfully enter the United States constitutes good cause in a compelling circumstance..

    Defendants express concern that credibility determinations cannot be made regarding video testimony. While the Advisory Committee Notes to Rule 43 note that the "importance of presenting live testimony in court cannot be forgotten," as long as good cause exists, and it is not merely inconvenient for a witness to attend trial, the exception can be utilized. Here, the Court will be sufficiently able to observe Monserrate's demeanor and using video conferencing.

    The following procedures must be followed in order to ensure appropriate safeguards are established:

1. On or before **July 22, 2013**, plaintiffs must provide defendants with an address to which defendants may deliver any documents it may present to Monserrate during cross examination.

2. On or before **August 5, 2013**, the parties must exchange all exhibits sought to be used in Monserrate's examination, either direct, cross, or re-direct, and provide the exhibits to Monserrate himself.

3. Plaintiffs are to bear all costs associated with the establishment of any video conference connections.

4. The technology must be tested on or before **August 12, 2013.** Plaintiffs' counsel should contact Matt Breitman, Eastern District of New York Courtroom Technology Specialist, at 718-613-2249, to arrange the test. Plaintiffs' counsel should notify the Court, through its law clerk, Lauren Jones, at lauren_jones@lawd.uscourts.gov immediately after the technology is tested.

5. No person other than the video conference operator and, if necessary, a certified translator, may be present in the room with Monserrate during the time that he testifies, nor may any person be in communication with Monserrate during his testimony, other than the Court and the examining attorneys.

6. If any loss of the video conference connection occurs, causing a loss of audio and/or video during the trial, on the third such occurrence, the video conference shall be immediately terminated, and all testimony taken, including that witness's direct testimony affidavit, shall be stricken from the trial record.

Based on the foregoing, it is

**ORDERED** that defendants' Letter Motion [Rec. Doc. 47] is DENIED and, subject to the safeguards set out above, plaintiff Monserrate may testify at trial via videoconference.

**SO ORDERED.**

                                                          Tucker L. Melançon
                                                          United States District Judge

April 8, 2013
Brooklyn, NY