UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIO MONSERRATE, ARTURO JUAREZ,    Case No. 10-CV-3732(TLM)(SMG)

                Plaintiffs,

**PLAINTIFFS' PROPOSED
FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

    -against-


K.K. MACHINE CO., INC., KAREL HAJEK a/k/a
CHARLES HAJEK
             Defendants.
-----------------------------------------------------------X

## FINDINGS OF FACT

1. The Defendant K.K. Machine Co., Inc. is an enterprise engaged in the manufacturing of airplane parts and it is owned and managed by the defendant Karel Hajek (collectively referred to as "Defendants").

2. At all times relevant, Plaintiff Mario Monserrate and Plaintiff Arturo Juarez (collectively referred to as "Plaintiffs") were employed by the Defendants as machinists. Plaintiff Mario Monserrate was hired by the Defendants in or about in 2001 and worked for the Defendants up and until on or about March 7, 2010. Plaintiff Arturo Juarez was hired by the Defendants in or about 1989 and worked for the Defendants up and until on or about March 23, 2008.

3. Plaintiff Mario Monserrate's weekly work schedule varied throughout the course of his employment. From 2004 until approximately January 1, 2008 he worked seven days per week, on Mondays through Fridays he generally worked from 5pm to 7 am, and on Saturdays and Sundays he generally worked from 4pm to 7am. From approximately January 2, 2008 until

approximately February 28, 2009 he worked six days per week, on Mondays through Fridays he generally worked from 6pm to 7am, and on Saturdays he generally worked from 4pm to 7am. From approximately March 1, 2009 until the end of his employment he worked Mondays through Thursdays from generally 6pm to 7am.

4. Plaintiff Mario Monserrate's regular pay rate varied as follows: in 2004 plaintiff Mario Monseratte was paid $10 per hour, his hourly rate was raised to $11 per hour on or about March 28, 2005, it was raised again to $12 per hour on or about October 3, 2005, and to $13 per hour on or about April 17, 2006, and to $14 per hour on or about May 14, 2007, and finally to $16 per hour on or about May 19, 2008.

5. Throughout Plaintiff Mario Monserrate's employment he consistently worked in excess of forty hours per week, yet he was instructed by the Defendants and their agents to clock in and out for only some of his overtime hours. At the direction of Defendants, Plaintiff Monserrate was routinely instructed to clock out before his shift ended on weekdays and never to clock in or out for work performed on the weekends. Plaintiff Monserrate was told to account for his off-the-clock hours on a separate sheet of paper, which he was required to submit to the Defendants with his time card.

6. Plaintiff Monserrate was not paid the overtime premium required by law for his off the clock overtime work. Instead, he was paid at his regular rate of pay in cash for this overtime. This cash was issued to him in an envelope along with a separate envelope containing a check for his on the clock pay.

7. Throughout the course of his employment Plaintiff Arturo Juarez worked seven days per week, his schedule was Monday to Friday from generally 8am to 9pm, he worked on Saturdays generally from 8am to 8pm and he worked on Sundays generally from 8am to 4pm. He had a half hour lunch break per day.

8. Plaintiff Juarez was paid $18.18 per hour from 2004 up and until approximately March 18, 2007 at which time Plaintiff's hourly rate was raised to $21.00.

9. Throughout the course of Plaintiff Arturo Juarez consistently worked in excess of forty hours per week, yet, similar to plaintiff Monserrate, he was instructed by the Defendants and their agents to clock in and out for only some of his overtime hours. He was routinely instructed to clock out before his shift ended on weekdays. Like with plaintiff Monserrate, Plaintiff Arturo Juarez was routinely instructed to clock out before his shift ended on weekdays and never to clock in or out for work performed on the weekends. Again, similar to plaintiff Monserrate, plaintiff Juarez was told to account for his off-the-clock hours on a separate sheet of paper, which he was required to submit to the Defendants with his time card.

10. Plaintiff Juarez was not paid the overtime premium required by law for his off the clock overtime work. Instead, he, like plaintiff Mario Monserrate, was paid at his regular rate of pay in cash for this overtime. This cash was issued to him in an envelope along with a separate envelope containing a check for his on the clock pay.

## **CONCLUSIONS OF LAW**

1. This Court has subject matter jurisdiction over Plaintiffs' Fair Labor Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 as the FLSA presents a federal question. This Court also has supplemental jurisdiction over Plaintiffs' New York labor Law ("NYLL") claims pursuant to 28 U.S.C. § 1367 as they essentially form part of the same case or controversy and share a common nucleus of operative facts.

2. The parties have stipulated to the fact that the Defendants are enterprise engaged in commerce within the meaning of 29 USC 203, having gross sales of not less than $500,000 for the years of 2007, 2008, 2009 and 2010.

3. The parties have stipulated to the fact that at all relevant times to Plaintiffs' complaint there was an employer-employee relationship between the Defendants and Plaintiffs.

4. The FLSA requires that employers pay their employees at a rate of at least one and one-half times such employee's regular rate of pay for all hours worked in excess of forty hours in a given workweek. 29 U.S.C. §§ 207; 216(b). NYLL has the same requirement. N.Y. Lab. Law § 650 *et. seq.*; 12 NYCRR § 142-2.2.

5. The statute of limitations on a claim brought pursuant to the FLSA is two years, but it may be extended to three years upon a showing of willfulness. 29 U.S.C. § 255(a). Willfulness exists where an employer knew or showed reckless disregard of the fact of whether its conduct was not compliant with the FLSA. *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008). Here, it has been established that the Defendants' knew about their obligations under the FLSA and deliberately tried to circumvent them by requiring Plaintiffs to perform off

the clock work. Thus, Defendants violation was willful. This action was commenced by plaintiff Mario Monserrate on August 13, 2010; therefore, plaintiff Mario Monserrate's FLSA claim reaches back to August 13, 2007. An amended complaint was filed on February 3, 2011 in which Plaintiff Arturo Juarez was added as a party; therefore, plaintiff Arturo Juarez's reaches back to February 3, 2008.

6. The statute of limitations for wage and hour claims under New York's Labor Law is six years. N.Y. Lab. Law §§198(3), 663(3). Plaintiff Monserrate's NYLL claim reaches back to August 13, 2004. Plaintiff Arturo Juarez's NYLL claim reaches back to February 3, 2005.

7. An employee who brings a FLSA claim has the burden of proving the extent of his uncompensated work. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). This burden can be met by introducing the employer's records. *Id.* However, where an employer's records are inadequate or inaccurate an employee can establish the extent of his or her uncompensated work by evidence given rise to a sufficient and reasonable inference. *Id.* at 687-88; *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 365 (2d Cir. 2011) (holding that the *Anderson* standard applied where Plaintiff alleged that the Defendant's agents instructed Plaintiff to not account for certain overtime on Plaintiff's time sheets). While Defendants argue that any inaccuracies in the time records are solely due to Plaintiffs' failure to accurately report the time that they worked, see *Seever v. Carolls Corp.* 528 F. Supp 2d 159, (WDNY 2007), this argument fails for 2 reasons: i) *Seever* is factually distinguishable because there was no allegation of any direction on the employer's part to report work hours incorrectly, but more importantly, ii) the *Seever* approach was disapproved of by the Circuit in *Kuebel, supra.* " In sum, we hold that because [employee] has presented evidence indicating that his employer's records are

inaccurate—and that although it was he who purposefully rendered them inaccurate, he did so at his managers' direction—the district court should have afforded [employee] the benefit of *Anderson's* "just and reasonable inference" standard." *Kuebel*, supra at 363. This burden is not high and can be established by an employee's recollection. *Gunawan v. Sake Sushi Rest.*, 09-CV-5018, 2011 U.S. Dist. LEXIS 96639 * 11 (E.D.N.Y. Aug. 26, 2011). After an employee meets this minimal burden, the burden shifts to the employer to come forward with evidence of the "precise amount of work performed or evidence that would negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88. There is a similar standard under NYLL. *Jiao v. Chen*, 03 Civ. 0165, 2007 U.S. Dist. LEXIS 96480 *9-10 (S.D.N.Y. Mar. 30, 2007).

8. The plaintiffs have established through their corroborative testimonies and other evidence that the Defendants' records are inaccurate because the Defendants and its managerial agents instructed the Plaintiffs not to clock in for some of their overtime work performed on the weekdays and never to clock in for their overtime work performed on the weekend. Based on his testimony, plaintiff Mario Monserrate recalls his work schedule changing three times during his employment. From 2004 until approximately January 1, 2008 he worked seven days per week, on Mondays through Fridays he generally worked from 5pm to 7 am and on Saturdays and Sundays he generally worked from 4pm to 7am. He had a one half hour lunch break per day. This constituted a total of 96.5 hours per week. From approximately January 2, 2008 until February 28, 2009 plaintiff Mario Monserrate worked six days per week, on Mondays through Fridays he generally from 6pm to 7am and on Saturdays he generally worked from 4pm to 7am. He had a one half hour lunch break per day. This constituted a total of approximately 77 hours per week. From approximately March 1, 2009 until the end of his employment Plaintiff

Monserrate worked Mondays to Thursday from generally 6pm to 7am. He had a one half hour lunch break per day. This constituted approximately 50 hours per week. Throughout these periods plaintiff Mario Monserrate received raises in his hourly rate as noted above. As indicated by the Defendants' payroll records only a fraction of plaintiff's Mario Monserrate's overtime has been paid. The Defendants have introduced no evidence which would negative the inference created by plaintiff Mario Monserrate's testimony. Accordingly, plaintiff Mario Monserrate is owed $62,570.75 in backwages for unpaid overtime.

9. Likewise, based on his testimony, plaintiff Arturo Juarez recalled his work schedule for the relevant period. He worked Mondays through Fridays from generally 8am to 9pm; he worked on Saturdays generally from 8am to 8pm; and he worked on Sundays generally from 8am to 4pm. He had a half hour lunch break per day. Throughout his employment plaintiff Arturo Juarez received raises in his hourly rate as noted above. As indicated by the Defendants' payroll records only a fraction of plaintiff's Arturo Juarez's overtime has been paid. The Defendants have introduced no evidence which would negative the inference created by plaintiff Arturo Juarez's testimony. Accordingly, plaintiff Arturo Juarez is owed $49,651.11 in backwages for unpaid overtime.

10. Under the FLSA, unless an employer can establish a good faith basis for their failure to pay an employee proper wages, they are also liable to pay liquidated damages at an amount equivalent to any backwages due to an employee. 29 U.S.C. § 216(b); *Marfak v. Vincenzo Peretta & Volatour, Inc.*, 10 Civ. 7785, 2011 U.S. Dist. LEXIS 48994 (S.D.N.Y. May 4, 2011). In light of Defendants' instructing Plaintiffs to work off the clock, there is no reasonable argument that Defendants acted in good faith. Accordingly, the Plaintiffs are entitled

to liquidated damages under the FLSA in the amount reflected on the annexed charts; specifically, plaintiff Mario Monserrate is entitled to $10,416.00 in liquidated damages under the FLSA, and plaintiff Arturo Juarez is entitled to $2,037.00 in liquidated damages under the FLSA.

11. Under New York law an employer must pay an additional 25% of back wages as and for liquidated damages where it is shown that the employer's failure to pay was willful. N.Y. Lab. Law §§ 198(1-a), 663(1) (in effect prior to April 9, 2011); *Wong v. Hunda Glass Corp.*, 09 Civ. 44022010 U.S. Dist. LEXIS 62653 * 6 (S.D.N.Y. June 22, 2010). The Defendants deliberate attempt to circumvent the law by instructing the Plaintiffs to work off the clock evidences willfulness. Thus, the Plaintiffs are entitled to liquidated damages under the NYLL in the amount in the amount reflected on the annexed charts; specifically, plaintiff Mario Monserrate is entitled to $15,642.69 in liquidated damages under the NYLL, and plaintiff Arturo Juarez is entitled to $12,412.78 in liquidated damages under the NYLL.

12. Many courts in this Circuit award liquidated damages under both the FLSA and NYLL, as they serve a different purpose in that they are compensatory under the FLSA and penal under NYLL. *Lanzetta v. Florio's Enters.*, 08 Civ. 6181, 2011 U.S. Dist. LEXIS 85613 (S.D.N.Y. July 27, 2011); *Callier v. Superior Bldg. Servs.*, 09-CV-4590, 2010 U.S. Dist. LEXIS 140232 (E.D.N.Y. Dec. 22, 2010). As both policies will be served in this case an award of liquidated damages under both the FLSA and NYLL for the first three years immediately preceding the commencement of each plaintiffs' respective action is warranted.

13. An award of pre-judgment interest will not be awarded for a claim made pursuant to the FLSA in addition to an award of liquidated damages. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988). However, pre-judgment interest may be awarded for claims

8

asserted under New York law. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

In calculating pre-judgment interest it is in the discretion of the Court to calculate the interest from the date when damages were incurred or from a single reasonable intermediate date. NY C.P.L.R. 5001(b); *Reilly*, 181 F.3d at 265. New York has an interest rate of nine percent per annum. NY C.P.L.R. 5004. Here, pre-judgment interest should be calculated from the midpoint of each plaintiffs' NYLL claim; for plaintiff Mario Monserrate pre-judgment interest should be calculated from the reasonable midpoint of August 3, 2006, and for plaintiff Arturo Juarez pre-judgment interest should be calculated from the reasonable midpoint of August 3, 2006. Prejudgment interest is only applicable to those years where NYLL is the only claim for recovery.

14. The FLSA and NYLL both provide for an award of reasonable attorneys' fees to a successful plaintiff. *Wicaksono v. XYZ 48 Corp.*, 10 Civ. 3635, 2011 U.S. Dist. LEXIS 55771 * 33 (S.D.N.Y. May 2, 2011). Plaintiffs' counsel shall make an application for attorneys' fees after the conclusion of this case.

Dated: New York, New York
      April 22, 2013

_____
William Cafaro (WC2730)
LAW OFFICES OF WILLIAM CAFARO
Attorneys for the Plaintiffs
108 West 39th Street, Suite 602
New York, NY 10018
(212) 583-7400

Plaintiff Mario Monserrate

| Time Interval | Approximate # of weeks within Interval | Plaintiff's Regular Rate of Pay | Overtime Hours Worked by Plaintiff | Overtime Hours Duly Paid (per payroll records and per plaintiff's deposition) | Off the Clock Overtime | Overtime Premium that should have been paid for overtime off the clock | Pay Received for Off the Clock Overtime | Backpay Due Per Hour | Total Backpay Due for Interval | Liquidated Damages FLSA | Liquidated Damages NYLL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/13/04 – 3/27/05 | 32 | $10.00 | 1808 | 321.5 | 1486.5 | $15.00 | $10.00 | $5.00 | $7,432.50 | n/a | $1,858.13 |
| 3/28/05 – 10/2/05 | 24 | $11.00 | 1356 | 248 | 1108 | $16.50 | $11.00 | $5.50 | $6,094.00 | n/a | $1,523.50 |
| 10/3/05 – 4/16/06 | 26 | $12.00 | 1469 | 273 | 1196 | $18.00 | $12.00 | $6.00 | $7,176.00 | n/a | $1,794.00 |
| 4/17/06 – 5/13/07 | 52 | $13.00 | 2938 | 401.5 | 2536.5 | $19.50 | $13.00 | $6.50 | $16,487.25 | n/a | $4,121.81 |
| 5/14/07 – 5/18/08 | 53 | $14.00 | 2546 | 675 | 1871 | $21.00 | $14.00 | $7.00 | $13,097.00 | n/a | $3,274.25 |
| 5/19/08 – 8/12/08 | 12 | $16.00 | 444 | 210.5 | 233.5 | $24.00 | $16.00 | $8.00 | $1,868.00 | n/a | $467.00 |
| 8/13/08 – 3/7/10 | 93 | $16.00 | 2010 | 708 | 1302 | $24.00 | $16.00 | $8.00 | $10,416.00 | $10,416.00 | $2,604.00 |
| | | | | | | | | TOTAL: | $62,570.75 | TOTAL: $10,416.00 | TOTAL: $15,642.69 |
| | | | | | | | | | | GRAND TOTAL: | $62,570.75 |

Plaintiff Arturo Juarez

| Time Interval | Approximate # of weeks within Interval | Plaintiff's Regular Rate of Pay | Overtime Hours Worked by Plaintiff | Overtime Hours Duly Paid (per payroll records) | Off the clock Overtime | Overtime Premium that should have been paid for overtime off the clock | Pay Received for Off the Clock Overtime | Backpay Due Per Hour | Total Backpay Due for Interval | Liquidated Damages FLSA | Liquidated Damages NYLL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/3/05 - 3/11/07 | 109 | $18.18 | 4523.5 | 879 | 3644.5 | $27.07 | $18.18 | $8.89 | $32,399.61 | n/a | $8,099.90 |
| 3/12/07-2/2/08 | 46 | $21.00 | 1909 | 460 | 1449 | $31.50 | $21.00 | $10.50 | $15,214.50 | n/a | $3,803.63 |
| 2/3/08-3/23/08 | 7 | $21.00 | 275.5 | 81.5 | 194 | $31.50 | $21.00 | $10.50 | $2,037.00 | $2,037.00 | $509.25 |
| | | | | | | | | TOTAL: | $49,651.11 | TOTAL: $2,037.00 | TOTAL: $12,412.78 |

GRAND TOTAL: $64,100.88

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARIO MONSERRATE

Case No. 10-CV-3732(TVM)(SMG)

Plaintiff's

-against-

**AFFIDAVIT OF SERVICE**

K.K. MACHINE CO., INC., KAREL HAJEK and
CHARLES HAJEK

Defendants.
-----------------------------------------------------------X

Odaris Palacios, being duly sworn, says:

I am not a party to the action; I reside at Queens, NY, and I am over 18 years of age.

On April 22, 2013 I served the within **PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSION OF FACT AND CONCLUSION OF LAW** by depositing true copies thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

Louis Q. Marett, Esq.
Attorney for the Defendants
3 Park Avenue, 15th Floor
New York, NY 10016

Sworn to before me
on April 22, 2013

_____
Odaris Palacios

NOTARY PUBLIC

WILLIAM CAFARO
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2014

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARIO MONSERRATE, ARTURO JUAREZ,

                    Plaintiff(s),

     -against-

K.K. MACHINE CO., INC., KAREL HAJEK
and CHARLES HAJEK

                 Defendant(s).
---------------------------------------------------------------X

Case No.: 10-CV-3732(TLM)(SMG)

## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSION OF FACT AND CONCLUSION OF LAW

LAW OFFICES OF WILLIAM CAFARO
Attorneys for the Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52551