

**William Cafaro, Esq.**
ADMITTED IN NY, CA, MD & TX

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583-7401
Email: bcafaro@cafarocsq.com

www.cafaroverdicts.com

April 25, 2013

Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Monserrate et al v. K.K. Machine Co., Inc. et al.
     Case No.: 10-CIV-3732

Your Honor:

  Please accept this letter as the Plaintiff's statement of settlement position pursuant to the minute order scheduling the settlement conference in this matter, which has been adjourned to Monday, 29 2013. The Plaintiffs, Mario Monserrate ("Monserrate") and Arturo Juarez ("Juarez") were employees of KK Machine, an enterprise which machined aviation parts. Monserrate would most appropriately be characterized as a machinist's helper, and Arturo Juarez would be characterized as a machinist.

  The principal of the corporate employer, Karel Hajek, ("Hajek") had the practice and procedure of instructing the employees not to clock in for more than about 45 hours per week; beyond that, which they routinely worked, they were instructed to record any additional hours on a separate piece of paper, which was affixed to the time cards with a paper clip. For the overtime hours for which the employees had clocked in, they were paid time and a half, but for the hours on the additional slip of paper, they were paid at straight time in cash.

  Hajek testified that in 2001, he had a government contract, and didn't want to pay overtime, so he came up with the idea of having 2 sets of timecards for about 30 employees; one showing 40 hours per week and another one showing the real hours. He was caught by the U.S. Dept. of Labor and had to pay $40,000. Although Defendants originally moved *in limine* to preclude the use of this evidence, it is admissible here to prove motive, opportunity, intent, preparation, plan, knowledge, identity or the absence of mistake or accident, FED. R. EVID. 404(b)(1)(2).

1

Re: Monserrate et al. v. K.K. Machine Co., Inc., et al.                                                      April 25, 2013
Case No.: 10-Civ-3732

    In the current situation, all of the employees, including the Plaintiffs, normally worked on Saturdays, but this was disputed because by the time the weekend came, their clocked in hours would have already been used up. Consequently, all weekend hours were off the clock, and it was Defendants' contention that no employees worked at the plant on weekends. I sent an investigator who videoed the entrance to the plant on two Saturdays, and each produced images of various individuals identified as employees in the immediate vicinity of the entrances.

    After the video was exchanged, Defendants countered by saying that the employees came in on Saturdays for "training". Hajek's wife testified that the employees came in on Saturdays to pick up dirty laundry and to put bottles of water in the little refrigerator so they would have them during the week. She had no plausible answer as to why the dirty laundry was not taken home during the week. The defense subsequently produced affidavits of individuals who purportedly participated in the training on 3 or 4 Saturdays during the time they worked there. One of them, Tenelema, testified consistently with his affidavit, but another one, Oswaldo Lliviganay, testified that he had been to Saturday training twice a month since he started in 2007; approximately 48 Saturdays, despite his sworn affidavit indicating that he had gone 3 times. Lliviganay testified that he had seen Tenelema there on Saturday about once a month for 3 years.

    Lliviganay went on to testify that several of the more experienced employees worked every Saturday the whole time he had worked there. I will not take up Your Honor's time with any further inconsistencies in the details.

    Spreadsheets are appended showing that Monserrate's total claim is $88,629, and Juarez' total claim is $64,100, inclusive of liquidated damages. In light of the long and tortured history of this case, I am adding $50,000 to the demand for attorney's fees.

    As a footnote in the negotiation process, I had previously demanded $25,000 to settle Monserrate's case because he is in Ecuador and will not be able to appear for trial, and I had anticipated having to read his deposition into the record to make out his prima facie case. However, since the defense *in limine* motion to preclude him from testifying remotely was denied, (DE 52) he will be permitted to testify remotely by video link on trial. After that order, I advised defense counsel that the previous demand of $25,000 for Monserrate was no longer on the table, and that I would understand if he no longer wished to proceed with the settlement conference, but he responded that he still wanted to go forward with it.

                                                      Respectfully submitted,
                                                      Law Offices of William Cafaro

                                                      _____/s/_____
                                                      By William Cafaro (WC2730)
                                                      *Attorney for Plaintiff*